# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF NORFOLK, OCTOBER TERM 1843, AT DEDHAM.

PRESENT

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎫
Hon. CHARLES A. DEWEY, ⎬ Justices.
Hon. SAMUEL HUBBARD, ⎭

### Stephen Badlam vs. Harvey Field.

A statute gave to a turnpike corporation the right to recover by its treasurer, in an action of trespass, a sum not exceeding fifty dollars, nor less than two dollars, of any person who should attempt to pass its toll gates, without first paying the legal toll: The treasurer commenced such action in the court of common pleas, and the jury assessed damages at a sum not exceeding twenty dollars. *Held* that, under the Rev. Sts. *c.* 121, § 3, the plaintiff was entitled, for his costs, to no more than one quarter part of the damages assessed by the jury.

This was an action of trespass brought by the treasurer of the Dorchester Turnpike Corporation, which was established by *St.* 1804, *c.* 76. By the fourth section of said statute, (3 Special Laws, 512,) it is enacted, " that if any person shall attempt to pass by force," the gate or gates erected by said corporation, on their road, " without first paying the legal toll at said gate or gates, such person shall forfeit and pay a fine not exceeding fifty dollars, nor less than two dollars, to be recovered by the treasurer of the corporation to their use, in an action of trespass."

This action was commenced and tried in the court of common pleas; and the declaration averred the facts necessary to bring the defendant under the operation of said section. The jury found a verdict for the plaintiff, and assessed his damages at five dollars. The clerk taxed costs for the plaintiff at $1·25, being one quarter of the amount of damages recovered. From this taxation the plaintiff appealed; but the court affirmed it. The plaintiff thereupon alleged exceptions.

*G. H. Whitman,* for the plaintiff.

*W. S. Morton,* for the defendant.

DEWEY, J. The general principle, that the prevailing party shall recover his costs against the other party, has been limited in certain cases, with a view of securing the institution of suits before their appropriate tribunal. As the jurisdiction has been made to depend upon the amount of damages demanded in the writ, and not upon the amount actually recovered, some provision was necessary as to costs, by way of restraint upon the party who should institute his action in the court of common pleas, when the proper jurisdiction was with a justice of the peace.

The Rev. Sts. *c.* 121, § 3, have the following provision : " In all personal actions, brought originally in the court of common pleas, except actions of replevin and of trespass on real estate, and actions on the case for the disturbance of any easement, and all others in which the title to real estate may be concerned, if the plaintiff shall finally recover any sum not exceeding twenty dollars, for debt or damages, in the court of common pleas, he shall be entitled, for his costs, to no more than one quarter part of the debt or damages so recovered." The plaintiff instituted this action originally in the court of common pleas; and has obtained judgment for only five dollars as damages; and he now insists that he is entitled to full taxable costs, upon the ground that the present case comes within the exceptions contained in the section just quoted. The court do not view it in that light. Though this is in form an action of trespass, yet it is merely an action for a penalty, and is to be governed by the same rule, in the matter of costs, as if an action of debt had been

Badlam v. Field.

given by the statute, instead of trespass. It is not an action of trespass upon real estate, nor for the disturbance of an easement, nor one in which the title to real estate necessarily comes in question, within the exceptions in said third section.

The objection is then urged, that from the peculiar nature of this penalty, the plaintiff might properly institute the action in the court of common pleas. The ground taken is, that the statute having provided that the party "shall forfeit and pay a fine not exceeding fifty dollars, and not less than two dollars," the plaintiff might well institute his action before a tribunal competent to render judgment for the largest sum which he might by possibility recover.

It is true that he may institute his suit in the court of common pleas, but the question still recurs, whether he does not do this at his peril as to the recovery of full costs. The party is not by law compelled to commence his action in that court, in a case like the present; but the same is cognizable before a justice of the peace, although the damages awarded by the justice must not exceed twenty dollars. This point came before the court in the case of *Carroll* v. *Richardson*, 9 Mass. 329, and it arose upon the "act establishing the Norfolk and Bristol Turnpike Corporation," (*St.* 1801, *c.* 69,) which contained a similar penalty for the like offence. It was there decided that it was competent to bring the action before a justice of the peace, alleging the damages at twenty dollars.

The inconvenience to which the party is subjected, in selecting the proper forum for trial of his action, is only the usual embarrassment which always exists in case of a claim for unliquidated damages.

We think the ruling of the court of common pleas, limiting the costs to one quarter of the amount of damages recovered, was correct.

*Exceptions overruled.*